NO. 07-02-0032-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 24, 2002
_____

RONALD CARL QUINLAN,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 78,983; HON. LARRY GIST, PRESIDING
_____

Before BOYD, C.J., QUINN and JOHNSON, JJ.

Ronald Carl Quinlan (appellant) appeals his conviction for delivery of a controlled substance and from a final judgment revoking his probation. Originally, appellant plead guilty and, pursuant to a plea agreement, was sentenced to two years imprisonment in a state jail facility. However, the sentence was suspended, and appellant was placed on four years probation. Subsequently, the State filed a motion to revoke probation, and appellant plead true to various grounds which the State asserted as allegedly justifying the revocation. The trial court granted the motion, revoked appellant's probation, and

sentenced appellant to eighteen months in a state jail facility. Appellant timely noticed his appeal, and counsel was appointed. Appellant's counsel then moved to withdraw, after filing a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that he had searched the record and found no arguable grounds for reversal. The motion and brief illustrated that appellant was informed of his rights to review the appellate record and file his own brief. So too did we inform appellant that any *pro se* response or brief he cared to file had to be filed by July 19, 2002. To date, appellant has filed no *pro se* response or brief.

After conducting an independent review of the record, we find no reversible error. Appellant, at the time of the guilty plea hearing, represented to the court that he was 1) properly indicted, 2) represented by legal counsel, and 3) mentally competent when he entered his plea. So too does the appellate record contain evidence 1) substantiating his guilt, 2) indicating that his guilty plea was knowing and voluntary, and 3) supporting the decision to revoke probation. Finally, the punishment levied was within the range provided by statute and agreed to by the parties.

Accordingly, counsel's motion to withdraw is granted, and the judgment of the trial court is affirmed.

Brian Quinn<br>Justice

Do not publish.